## Madison Duval v. The State.

1. Theft of Cattle — Indictment. — "One beef cattle" is a sufficient description of a stolen bovine, in an indictment for its theft.

2. Newly Discovered Evidence, to warrant a new trial, must have been discovered since the former trial, and be such as could not then have been secured by reasonable diligence; must be material in its object, and not merely cumulative or collateral, nor simply to impeach a witness; and must be such as will be likely, on another trial, to produce a different result.

Appeal from the District Court of Anderson. Tried below before the Hon. P. F. Edwards.

The case is stated in the opinion.

*Gammage & Gregg*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J.   This is an appeal from a judgment of conviction for the theft of an animal described in the indictment as " one beef cattle."   On the trial below, the accused was found guilty and his punishment assessed at confinement in the penitentiary for five years.   Motions for a new trial and in arrest of judgment were made and overruled, and an appeal is prosecuted to this court.   Several errors are assigned as cause for reversal; such as are deemed sufficiently important to require special notice, and such only, will be considered in this opinion.

The first and seventh assignments of error call in question the sufficiency of the indictment, and the rulings of the court below on the defendant's motion to quash and on the motion in arrest of judgment, both of which motions were overruled.   These assignments present the sole question whether or not the animal alleged to have been stolen is sufficiently described in the indictment by the use of the words " one beef cattle."   The Penal Code, art. 747, is as

follows : " If any person shall steal any cattle, he shall be punished by confinement in the penitentiary not less than two nor more than five years." In *Berryman* v. *The State,* 45 Texas, 1, which was a prosecution under the same provision of the Code prior to the revision, the indictment charges theft of " a bull yearling." The Supreme Court held the description of the animal sufficient, in this language : "As understood in common language, a yearling comes under the denomination of cattle, and is so classed in other statutes for the protection of cattle." To describe an animal stolen as " one calf," without further description, is sufficient in an indictment for theft of cattle. *The State* v. *Eisenhauer,* Supreme Court, Austin term, 1875. These and other descriptions in indictments for theft of cattle seem to be based on the idea that the description employed is such as is well known and understood in the language in common use among the people. To our minds, " one beef," even without the use of the generic term " cattle," has as definite a meaning and is as well understood as are the expressions " one yearling," " one calf," " one ox," and the like. The indictment is sufficient. *Camplin* v. *The State,* 1 Texas Ct. App. 108 ; *Johnson* v. *The State,* 1 Texas Ct. App. 118 ; *Robertson* v. *The State,* 1 Texas Ct. App. 311.

The allegation of newly discovered evidence, as the same is set out in the defendant's amended motion for a new trial, is not sufficient, for the reason that it is not in fact newly discovered. From the testimony of the owner, as set out in the statement of facts, it is clear that the defendant, at and before the trial, knew precisely what particular animal he was accused of stealing. It is insufficient also in that the alleged newly discovered evidence was but cumulative of testimony adduced by the defendant on the trial. The law authorizes the granting of new trials " when new testimony material to the defendant has been discovered since the trial." Code Cr. Proc., art. 777, cl. 6. But in order to warrant the granting of a new trial on this ground, the

testimony must have been discovered since the former trial, and be such as reasonable diligence could not have secured at the former trial ; must be material in its object, and not merely cumulative or collateral, and not simply to impeach a witness, and be likely. on another trial to produce a different result. *Hutchinson* v. *The State*, 6 Texas Ct. App. 468, and authorities there cited. The application being insufficient on its face, it is not necessary that we should pass upon the testimony offered for and against the motion.

It would be a useless consumption of time to further discuss the errors assigned, and so ably argued on behalf of the appellant, further than to say they have had due consideration, viewed in the light of the arguments presented. Upon a consideration of the case as presented in the record, we find no such error as would warrant a reversal of the judgment, and it is affirmed.

*Affirmed.*